**E-Filed 8/5/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIOGENEX LABORATORIES, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>            Defendant. | Case Number C-05-860-JF<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS FOR INFRINGEMENT OF UNITED STATES PATENT NO. 5,578,452<br><br>[Doc. No. 9] |

Defendant Ventana Medical Systems, Inc. ("Ventana") moves to dismiss the claims for infringement of United States Patent No. 5,578,452 ("the '452 patent") asserted by Plaintiff Biogenex Laboratories, Inc. ("Biogenex"). The Court has considered the moving and opposing papers as well as the oral arguments presented at the hearing on July 15, 2005. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

This is the second action in which Biogenex has sued Ventana for infringement of the '452 patent. Biogenex filed the complaint in the first action, *Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*, Case No. 03-3916-JF (PVT) ("First Action"), on August 25, 2003, alleging infringement of the '452 patent and two other patents. With respect to the '452

1  patent, Biogenex's preliminary infringement contentions asserted infringement of claims 1, 2, 3
2  and 9 and expressly stated that for these claims "Biogenex does not claim priority beyond the
3  application filing date of August 12, 1993." Ventana subsequently moved for summary
4  judgment of invalidity pursuant to 35 U.S.C. § 102(b), which provides that a patent claim is
5  invalid if the subject matter of the claim was described in a printed publication more than one
6  year before the priority date. The Court concluded that Ventana had established that the "Shi
7  article" had disclosed each and every element of claims 1, 2, 3 and 9 of the '452 patent more than
8  one year before the claimed priority date.

9        Biogenex moved for leave to amend its preliminary infringement contentions to claim an
10  earlier priority date that would defeat Ventana's motion for summary judgment based upon the
11  Shi article, and to add allegations of infringement of claim 5 of the '452 patent. Biogenex
12  contended that the Shi article did not disclose each and every element of claim 5 and thus that
13  even if the Court refused to allow Biogenex to claim an earlier priority date, the Shi article would
14  not provide a basis for granting summary judgment of invalidity as to claim 5. The Court denied
15  Biogenex's motion for leave to amend after concluding that Biogenex had not acted diligently or
16  demonstrated good cause for amendment. The Court therefore "grant[ed] Ventana's motion for
17  summary judgment of invalidity with respect to the '452 patent *for purposes of this lawsuit*
18  *only*." Order of 2/24/05 at 7. The First Action remains pending with respect to the other patents-
19  in-suit.

20        Biogenex filed the complaint in the instant action on March 1, 2005 ("Second Action"),
21  asserting infringement of claim 5 of the '452 patent and of United States Patent No. 6,632,598
22  ("the '598 patent"). The '598 patent is not at issue in this motion. However, Ventana asserts that
23  Biogenex's assertion of infringement of claim 5 of the '452 patent in the Second Action is
24  inappropriate in light of the history set forth above and requests that all claims based upon claim
25  5 of the '452 patent be dismissed from the Second Action.

26  **II. LEGAL STANDARD**

27        For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the
28  Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v.*

*McKeithen*, 395 U.S. 411, 421 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986).

### III. DISCUSSION

Ventana argues that Biogenex's assertion of claim 5 of the '452 patent in the Second Action violates the rule against claim splitting and is an improper attempt to circumvent this Court's order in the First Action and the Patent Local Rules. Surprisingly, there is very little authority addressing the rule against claim splitting in the context of two simultaneous patent actions. Usually the rule against claim splitting arises when a final judgment has been entered in a prior action and a party to a later action raises the defense of *res judicata* or collateral estoppel based upon judgment in the prior action. In that context, the Federal Circuit has articulated the rule as follows: "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995) (citing Restatement (Second) of Judgments § 24(2) (1982)).

If final judgment had been entered in the First Action, this Court would have little difficulty concluding that the doctrine of *res judicata* precludes Biogenex's assertion of claim 5 of the '452 patent in the Second Action. Although Biogenex cites a number of cases holding that each patent claim confers a separate legal right upon the patent holder, *see, e.g., Norfin, Inc. v. International Business Machines Corp.*, 625 F.2d 357, 362 (10th Cir. 1980), Biogenex does not (and could not) dispute that its legal claims based upon claim 5 of the '452 patent arise out of the same transactional facts as did its legal claims based upon claims 1, 2, 3 and 9 of the '452 patent. The identical conduct is alleged to be infringing in both the First Action and the Second Action. In the First Action, Biogenex alleges that Ventana infringes the '452 patent generally by

manufacturing, selling and offering to sell products "for use in methods to enhance the immunological staining of aldehyde-fixed tissues as disclosed in the '452 patent." First Action Complt. at ¶ 15. In the Second Action, Biogenex alleges that Ventana infringes claim 5 of the '452 patent by manufacturing, selling and offering to sell products "for use in methods to enhance the immunological staining of aldehyde-fixed tissues, as disclosed in claim 5 of the '452 patent." Second Action Complt. ¶ 16.

The question thus is how to deal with the allegations regarding the '452 patent in the Second Action in light of the fact that final judgment has not been entered in the First Action. A recent decision of the Northern District of Illinois is on point. In *Civix-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906 (N.D. Ill. May 2, 2005), the plaintiffs filed a first action alleging infringement of five patents. During litigation of the first action, the defendants expressed concerns as to whether the plaintiff had identified all the patent claims it was asserting. The plaintiff represented that it had identified all such patent claims, and further represented that its claim identification was final and not contingent upon any proposals or deals. Later in the litigation, the plaintiff attempted to identify additional patent claims; when the defendants objected on timeliness grounds, the plaintiff withdrew identification of those additional patent claims and filed a second action asserting those patent claims against the same defendants.

The court held that the second action, asserting the same patents - although different claims - against the same accused technology of the same defendants, was barred by the rule against claim splitting. *Civix*, 2005 WL 1126906, at *4. The court concluded that the rule against claim splitting appropriately may be applied even when the first action is still pending and further concluded that the plaintiff should have timely asserted the subject patent claims in the first action. The court stated that its ruling was necessary to "prevent Civix from avoiding a potential adverse ruling from the Court regarding the timeliness of asserting the new claims in the Initial Action, by attempting to assert its new claims in the Second Action." *Id*. Finally, the court considered whether the plaintiff should be permitted to assert the new claims in the first action. The court ruled in the negative after noting that a *Markman* hearing already had been conducted in the first action and that permitting the plaintiff to add new claims would require

4

1  additional fact discovery and further *Markman* proceedings. *Id*. at \*5.

2  Ultimately, the *Civix* decision turned on the court's conclusion that a patent plaintiff
3  should not be permitted to avoid the adverse consequences of failing assert all patent claims in a
4  pending action by simply filing a new patent action. This Court agrees with that conclusion.
5  Otherwise, this Court's express requirements governing patent litigation and, in particular,
6  preliminary infringement contentions, would be totally eviscerated. If it were to permit Biogenex
7  to assert claim 5 of the '452 patent in the Second Action, the Court almost certainly would
8  consolidate or at least relate the two actions for purposes of judicial economy, as they involve the
9  same patents and the same accused conduct. Were that to happen, all of the efforts of the Court
10 and the parties relating to litigation of the '452 patent in the First Action, including the question
11 of whether Biogenex should be permitted to assert claim 5 in that action, would be negated.
12 Biogenex essentially would have obtained a reversal of the Court's ruling in the First Action.

13 Biogenex points out that in its ruling in the First Action, the Court was careful to specify
14 that it was granting "summary judgment of invalidity with respect to the '452 patent *for purposes*
15 *of this lawsuit only*." Order of 2/24/05 at 7. Biogenex reads into that language implicit
16 permission to bring the instant Second Action. However, the record in the First Action shows
17 unambiguously that the Court added the phrase "for purposes of this lawsuit only" in response to
18 Biogenex's concern that a bare ruling of invalidity could be asserted against Biogenex by the
19 world. The Court agreed that given the basis of the ruling - Ventana's successful assertion of the
20 Shi article to defeat the priority date Biogenex asserted in the First Lawsuit - the more
21 appropriate course was to restrict the grant of summary judgment on invalidity grounds to the
22 dispute between Biogenex and Ventana.

23 Accordingly, Defendants' motion to dismiss from the Second Action all claims based
24 upon claim 5 of the '452 patent will be granted.

# IV. ORDER

Defendants' motion to dismiss claims based upon claim 5 of the '452 patent is GRANTED.

DATED: 8/5/05

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

Case 5:05-cv-00860-JF    Document 23    Filed 08/05/05    Page 7 of 7

1  This Order was served on the following persons:

2

3  Roger J. Chin     rchin@wsgr.com, bfuller@wsgr.com;calendar@wsgr.com

4  Paul Lawrence Gale     pgale@sycr.com,

5  Kevin W. Kirsch     kkirsch@sycr.com

6  Jan Patrick Weir     jweir@sycr.com,
tkuester@sycr.com;clamorte@sycr.com;jtrusso@sycr.com;cortiz@sycr.com;kkirsch@sycr.com;
7  pgale@sycr.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-05-860-JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS RE '452 PATENT
(JFLC2)