1

2          **E-Filed 8/3/06**

3

4

5

6

7                              NOT FOR CITATION

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12   BIOGENEX LABORATORIES, INC.,          Case Number C 05-860 JF (PVT)

13                    Plaintiff,           ORDER[1] CONDITIONALLY
                                           DENYING DEFENDANT'S MOTION
14           v.                            FOR SUMMARY JUDGMENT OF
                                           NONINFRINGMENT OF THE '598
15   VENTANA MEDICAL SYSTEMS, INC.,        PATENT

16                    Defendant.           [re:  doc. no. 27]

17   _____

18   AND RELATED COUNTERCLAIM.

19

20

21        Defendant Ventana Medical Systems, Inc. ("Ventana") moves for summary judgment of

22   noninfringement of U.S. Patent No. 6,632,598 B1 ("the '598 patent").  The Court has considered

23   the parties' briefing as well as the oral arguments presented at the hearing on January 27, 2006.

24   For the reasons discussed below, Ventana's motion will be conditionally denied.

25                              **I. BACKGROUND**

26        The '598 patent, owned by Plaintiff BioGenex Laboratories, Inc. ("BioGenex"), relates

27   _____

28        [1] This order is not designated for publication and may not be cited.

generally to the removal of wax from wax-embedded biological tissue samples. Once a tissue sample is obtained from a patient, the tissue typically is embedded in a medium such as paraffin wax in order to permit the sample to be cut into thin sections for mounting on glass slides. After the tissue samples are mounted, the paraffin wax can be dissolved away to aid in the process of tissue staining. The wax removal process sometimes is referred to as "deparaffinization."

The '598 patent is directed to a process of deparaffinization that utilizes a particular chemical composition. Claim 1, the only independent claim, reads in its entirety as follows:

> 1. A process for removing wax from a wax-embedded biological tissue specimen, said process comprising contacting said wax-embedded tissue specimen with a dewaxing composition comprising a paraffin-solubilizing organic solvent selected from the group consisting of aromatic hydrocarbons, terpenes and isoparaffinic hydrocarbons, a polar organic solvent, and a surfactant to solubilize the wax associated with the specimen.

In other words, Claim 1 requires use of a chemical composition that includes the following components:

(1)     a paraffin-solubilizing organic solvent selected from a group consisting of:
      (a)     aromatic hydrocarbons,
      (b)     terpenes, and
      (c)     isoparaffinic hydrocarbons;

(2)     a polar organic solvent; and

(3)     a surfactant.

The paraffin-solubilizing organic solvent limitation is written in Markush group format. "A Markush group is a listing of specified alternatives of a group in a patent claim, typically expressed in the form: a member selected from the group consisting of A, B, and C." *Abbott Laboratories v. Baxter Pharmaceutical Products, Inc.*, 334 F.3d 1274, 1280 (9th Cir. 2003). A Markush group that follows the transition phrase "consisting of" is "closed," meaning that the limitation requires use of one member of the Markush group. *Id.*

BioGenex claims that Ventana's products remove wax from wax-embedded biological tissue samples using the process of claim 1. In its preliminary infringement contentions ("PICs"), served in September 2005, BioGenex asserted that Ventana's process for wax removal involves application of its Liquid Coverslip and EZ Prep products and then application of an air

1   vortex to mix the Liquid Coverslip and EZ Prep together into a compound that meets all the

2   limitations of claim 1.  BioGenex asserted that EZ Prep meets the polar organic solvent

3   limitation and the surfactant limitation and that Liquid Coverslip meets the paraffin-solubilizing

4   organic solvent limitation.  With respect to the latter limitation, BioGenex did *not* assert that

5   Liquid Coverslip contains one of the Markush group alternatives disclosed for the paraffin-

6   solubilizing organic solvent – that is, aromatic hydrocarbons, terpenes, and isoparaffinic

7   hydrocarbons – but rather asserted that Liquid Coverslip "*is a low density, n-paraffinic*

8   *hydrocarbon.*"

9           Ventana filed the instant motion for summary judgment of noninfringment less than one

10  month later, on October 6, 2005, arguing that:  (1) n-paraffinic hydrocarbons are distinct and

11  different from the isoparaffinic hydrocarbons claimed in the patent, and thus that there is no

12  literal infringement even if BioGenex is correct that Liquid Coverslip is a n-paraffinic

13  hydrocarbon; and (2) any claim of infringement under the doctrine of equivalents is barred by the

14  disclosure-dedication rule.

15          On January 6, 2006, BioGenex filed its opposition to Ventana's motion, arguing *for the*

16  *first time in this litigation* that Liquid Coverslip contains trace amounts of isoparaffinic

17  hydrocarbons.  This new argument is supported by tests conducted on November 1, 2005, *after*

18  Ventana filed its motion.  BioGenex did not disclose these tests to Ventana, although information

19  and documentation regarding the tests clearly was responsive to Ventana's requests for

20  admissions, interrogatories and document requests served November 9, 2005.  BioGenex never

21  responded to Ventana's November 9 discovery requests at all.

22          On January 12, 2006, Ventana filed a reply brief objecting to any argument based upon

23  BioGenex's new argument and new testing.  BioGenex then sought leave to file a sur-reply

24  declaration clarifying the date and circumstances of the new testing.  Ventana objected to this

25  request.  The Court will grant BioGenex's request for leave to file the sur-reply declaration, but

26  will consider Ventana's arguments in assessing the question of whether BioGenex should be

27  precluded from arguing literal infringement based upon the new laboratory testing.

28

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

## II. LEGAL STANDARD

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994).  Accordingly, the motion should be granted if Defendant demonstrates that there is no genuine issue of material fact as to noninfringement and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The motion should not be granted, however, if a reasonable jury, viewing the evidence in the light most favorable to Plaintiff, could conclude that Defendant's products infringe Plaintiff's patent.  *See Anderson*, 477 U.S. at 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

## III. DISCUSSION

### A.    Literal Infringement

In its moving papers, Ventana cites Hawley's Condensed Chemical Dictionary (12th ed. 1993) for the proposition that there are two distinct types of paraffinic hydrocarbons.  The prefix "n–" used in connection with hydrocarbon molecules indicates a "normal" chain, meaning a single unbranched chain of carbon atoms such as the following:

```
        H  H  H  H
        |  |  |  |
   H - C - C - C - C - H
        |  |  |  |
        H  H  H  H
```

In contrast, the prefix "iso-" indicates a branched chain of carbon atoms in which a subordinate chain of one or more carbon atoms is attached to the straight chain of carbon atoms as follows:

```
        H         H        H
        |         |        |
  H -- C -------- C ------ C -- H
        |         |        |
        H    H - C - H    H
                  |
                  H
```

Ventana argues that because BioGenex's own PICs state that Liquid Coverslip is a n-paraffinic (unbranched) hydrocarbon, and claim 1 of the 598 patent discloses use of isoparaffinic (branched) hydrocarbons, there is no literal infringement.

4

1    BioGenex does not dispute that the claim limitation of isoparaffinic hydrocarbons does

2    not read literally on a product using only n-paraffinic hydrocarbons.  Thus, if it were to preclude

3    BioGenex from arguing literal infringement based upon new test results indicating trace amounts

4    of isoparaffinic hydrocarbons, the Court necessarily would grant Ventana's motion with respect

5    to literal infringement.  However, if it were to permit BioGenex to rely upon the new test results,

6    the Court necessarily would deny Ventana's motion with respect to literal infringement.

7    Ventana's motion with respect to literal infringement is based *solely* upon BioGenex's previously

8    disclosed position that Liquid Coverslip is a n-paraffinic hydrocarbon.  That motion cannot

9    succeed in the face of admissible, competent evidence that Liquid Coverslip actually contains

10   isoparaffinic hydrocarbons as well.[2]

11       The Court is quite troubled by BioGenex's shift in infringement position.  Pursuant to

12   Patent Local Rule 3-7, a plaintiff may amend its PICs only by order of the Court upon a showing

13   of good cause.  The purpose of requiring parties to disclose their theories early in the litigation

14   and adhere to those theories once they have been disclosed is to avoid the "shifting sands"

15   approach that sometimes was observed in patent litigation prior to adoption of the Patent Local

16   Rules.  *Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F.Supp.2d 1106,

17   1107 (N.D. Cal. 2004); *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D.

18   Cal. 2002).  BioGenex argues that it has not shifted its infringement position, pointing out that its

19   PICs identified Liquid Coverslip as the product that meets the paraffin-solubilizing organic

20   solvent limitation of claim 1, and that it still contends that Liquid Coverslip is the product that

21   meets this limitation.  BioGenex's argument completely ignores the fact that its PICs specified

22   that Liquid Coverslip is a *n-paraffinic hydrocarbon*.  While BioGenex may not have been

23   required to include that level of specificity in its PICs, it chose to do so, and Ventana reasonably

24   relied upon that disclosure.

25   _____

26       [2] BioGenex takes the position that the trace amounts of isoparaffinic hydrocarbons found
     in Liquid Coverslip are sufficient as a matter of law to meet the paraffin-solubilizing organic
27   solvent limitation of claim 1, citing *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331
     (Fed. Cir. 2005).  This issue is not fairly framed by Ventana's motion and thus need not be
28   decided by the Court at this time.

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

1   The Court also is troubled by BioGenex's failure to produce information and

2   documentation regarding the November 1 testing in response to Ventana's requests for

3   admissions, interrogatories and document requests served November 9, 2005.  BioGenex argues

4   that its failure to respond to Ventana's November 9 discovery requests was appropriate in light of

5   the discovery stay imposed by the Court's order of November 17, 2005.  That order states in

6   relevant part as follows:

7       Discovery in this matter relating to the '598 patent shall be stayed, pending
        resolution of the foregoing motion, except as may be directly relevant to the
8       foregoing motion.

9   On its face, this language does not excuse BioGenex from responding to Ventana's discovery

10  requests to the extent those requests sought information or documents relevant to the instant

11  motion.  BioGenex argues that the order was intended to allow only *BioGenex* to complete

12  discovery relevant to the instant motion, and that it was not intended to allow *Ventana* to pursue

13  such discovery.  BioGenex has submitted the declaration of its counsel, Paul Gale, who states

14  that he had a telephonic conversation with Ventana's counsel, Roger Chin, in which Mr. Chin

15  agreed with BioGenex's interpretation of the Court's November 17 order.  Mr. Chin asserts that

16  no such agreement was reached.[3]

17  While it ultimately concludes that BioGenex acted unreasonably with respect to both its

18  shift in infringement position and its failure to respond to relevant discovery requests, the Court

19  is extremely reluctant to dispose of substantive infringement claims based upon procedural

20  defects, particularly given that BioGenex has offered at least articulable reasons for its conduct

21  and that there is no evidence of bad faith.  Accordingly, the Court will permit BioGenex to argue

22  literal infringement based upon the new testing indicating the presence of isoparaffinic

23  hydrocarbons in Liquid Coverslip on the condition that BioGenex reimburse Ventana for the

---

25  [3] Mr. Chin makes this assertion not in a declaration, but rather in Ventana's opposition to
26  BioGenex's motion for leave to file a sur-reply declaration.  Technically, assertions made in
    briefs are not evidence.  However, the Court has no doubt that Mr. Chin would restate his
27  position in a declaration under penalty of perjury if asked to do so.  The Court therefore accepts
    that the position of Mr. Chin and of Ventana is that there was no agreement excusing BioGenex
28  from producing information and documents relevant to the instant motion in response to
    Ventana's November 9 discovery requests.

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

costs and attorneys' fees Ventana has incurred in litigating the instant motion, which would not have been brought or litigated in this fashion but for BioGenex's unreasonable conduct. Ventana shall file a declaration of counsel setting forth the costs and attorneys' fees incurred in filing and litigating its motion.

**B.     Doctrine Of Equivalents**

Because Ventana's motion for summary judgment will be denied as to literal infringement for the reasons discussed above, the Court need not reach the issue of infringement under the doctrine of equivalents.

**IV. ORDER**

(1)     Ventana's motion for summary judgment of noninfringement of the '598 patent is CONDITIONALLY DENIED as set forth above;

(2)     Ventana shall, within fourteen (14) days after service of this order, file a declaration of counsel setting forth the costs and attorneys' fees incurred in filing and litigating the instant motion;

(3)     BioGenex shall file any objection to Ventana's statement of costs and fees within fourteen (14) days after service of counsel's declaration or, absent objection, shall reimburse Ventana for said costs and fees within fourteen (14) days after service of counsel's declaration; and

(4)     The parties shall appear at a Case Management Conference at 10:30 a.m. on August 11, 2006.

DATED:   8/3/06

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

1  Copies of Order served on:

2

3  Roger J. Chin      rchin@wsgr.com, jfrodriguez@wsgr.com; calendar@wsgr.com

4  Paul Lawrence Gale      pgale@sycr.com, bnelson@sycr.com

5  Kevin W. Kirsch      kkirsch@sycr.com

6  Jan Patrick Weir      jweir@sycr.com, tkuester@sycr.com; pgale@sycr.com; bnelson@sycr.com

7  Sarah R. Zimmerman      szimmerman@wsgr.com,

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)