**E-Filed 8/3/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BIOGENEX LABORATORIES, INC., | Case Number C 05-860 JF (PVT) |
| Plaintiff, | ORDER[1] CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGMENT OF THE '598 PATENT |
| v. | |
| VENTANA MEDICAL SYSTEMS, INC., | |
| Defendant. | [re: doc. no. 27) |
| AND RELATED COUNTERCLAIM. | |

Defendant Ventana Medical Systems, Inc. ("Ventana") moves for summary judgment of noninfringement of U.S. Patent No. 6,632,598 B1 ("the '598 patent"). The Court has considered the parties' briefing as well as the oral arguments presented at the hearing on January 27, 2006. For the reasons discussed below, Ventana's motion will be conditionally denied.

**I. BACKGROUND**

The '598 patent, owned by Plaintiff BioGenex Laboratories, Inc. ("BioGenex"), relates

---

[1] This order is not designated for publication and may not be cited.

generally to the removal of wax from wax-embedded biological tissue samples. Once a tissue sample is obtained from a patient, the tissue typically is embedded in a medium such as paraffin wax in order to permit the sample to be cut into thin sections for mounting on glass slides. After the tissue samples are mounted, the paraffin wax can be dissolved away to aid in the process of tissue staining. The wax removal process sometimes is referred to as "deparaffinization."

The '598 patent is directed to a process of deparaffinization that utilizes a particular chemical composition. Claim 1, the only independent claim, reads in its entirety as follows:

> 1. A process for removing wax from a wax-embedded biological tissue specimen, said process comprising contacting said wax-embedded tissue specimen with a dewaxing composition comprising a paraffin-solubilizing organic solvent selected from the group consisting of aromatic hydrocarbons, terpenes and isoparaffinic hydrocarbons, a polar organic solvent, and a surfactant to solubilize the wax associated with the specimen.

In other words, Claim 1 requires use of a chemical composition that includes the following components:

(1) a paraffin-solubilizing organic solvent selected from a group consisting of:
 (a) aromatic hydrocarbons,
 (b) terpenes, and
 (c) isoparaffinic hydrocarbons;

(2) a polar organic solvent; and

(3) a surfactant.

The paraffin-solubilizing organic solvent limitation is written in Markush group format. "A Markush group is a listing of specified alternatives of a group in a patent claim, typically expressed in the form: a member selected from the group consisting of A, B, and C." *Abbott Laboratories v. Baxter Pharmaceutical Products, Inc.*, 334 F.3d 1274, 1280 (9th Cir. 2003). A Markush group that follows the transition phrase "consisting of" is "closed," meaning that the limitation requires use of one member of the Markush group. *Id.*

BioGenex claims that Ventana's products remove wax from wax-embedded biological tissue samples using the process of claim 1. In its preliminary infringement contentions ("PICs"), served in September 2005, BioGenex asserted that Ventana's process for wax removal involves application of its Liquid Coverslip and EZ Prep products and then application of an air

vortex to mix the Liquid Coverslip and EZ Prep together into a compound that meets all the limitations of claim 1. BioGenex asserted that EZ Prep meets the polar organic solvent limitation and the surfactant limitation and that Liquid Coverslip meets the paraffin-solubilizing organic solvent limitation. With respect to the latter limitation, BioGenex did *not* assert that Liquid Coverslip contains one of the Markush group alternatives disclosed for the paraffin-solubilizing organic solvent – that is, aromatic hydrocarbons, terpenes, and isoparaffinic hydrocarbons – but rather asserted that Liquid Coverslip "*is a low density, n-paraffinic hydrocarbon*."

Ventana filed the instant motion for summary judgment of noninfringment less than one month later, on October 6, 2005, arguing that: (1) n-paraffinic hydrocarbons are distinct and different from the isoparaffinic hydrocarbons claimed in the patent, and thus that there is no literal infringement even if BioGenex is correct that Liquid Coverslip is a n-paraffinic hydrocarbon; and (2) any claim of infringement under the doctrine of equivalents is barred by the disclosure-dedication rule.

On January 6, 2006, BioGenex filed its opposition to Ventana's motion, arguing *for the first time in this litigation* that Liquid Coverslip contains trace amounts of isoparaffinic hydrocarbons. This new argument is supported by tests conducted on November 1, 2005, *after* Ventana filed its motion. BioGenex did not disclose these tests to Ventana, although information and documentation regarding the tests clearly was responsive to Ventana's requests for admissions, interrogatories and document requests served November 9, 2005. BioGenex never responded to Ventana's November 9 discovery requests at all.

On January 12, 2006, Ventana filed a reply brief objecting to any argument based upon BioGenex's new argument and new testing. BioGenex then sought leave to file a sur-reply declaration clarifying the date and circumstances of the new testing. Ventana objected to this request. The Court will grant BioGenex's request for leave to file the sur-reply declaration, but will consider Ventana's arguments in assessing the question of whether BioGenex should be precluded from arguing literal infringement based upon the new laboratory testing.

3
Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

## II. LEGAL STANDARD

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994). Accordingly, the motion should be granted if Defendant demonstrates that there is no genuine issue of material fact as to noninfringement and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The motion should not be granted, however, if a reasonable jury, viewing the evidence in the light most favorable to Plaintiff, could conclude that Defendant's products infringe Plaintiff's patent. *See Anderson*, 477 U.S. at 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

## III. DISCUSSION

### A.   Literal Infringement

In its moving papers, Ventana cites Hawley's Condensed Chemical Dictionary (12th ed. 1993) for the proposition that there are two distinct types of paraffinic hydrocarbons. The prefix "n–" used in connection with hydrocarbon molecules indicates a "normal" chain, meaning a single unbranched chain of carbon atoms such as the following:

```
      H   H   H   H
      |   |   |   |
  H - C - C - C - C - H
      |   |   |   |
      H   H   H   H
```

In contrast, the prefix "iso-" indicates a branched chain of carbon atoms in which a subordinate chain of one or more carbon atoms is attached to the straight chain of carbon atoms as follows:

```
         H            H         H
         |            |         |
   H -- C -------- C ------ C -- H
         |            |         |
         H        H - C - H     H
                      |
                      H
```

Ventana argues that because BioGenex's own PICs state that Liquid Coverslip is a n-paraffinic (unbranched) hydrocarbon, and claim 1 of the 598 patent discloses use of isoparaffinic (branched) hydrocarbons, there is no literal infringement.

BioGenex does not dispute that the claim limitation of isoparaffinic hydrocarbons does not read literally on a product using only n-paraffinic hydrocarbons. Thus, if it were to preclude BioGenex from arguing literal infringement based upon new test results indicating trace amounts of isoparaffinic hydrocarbons, the Court necessarily would grant Ventana's motion with respect to literal infringement. However, if it were to permit BioGenex to rely upon the new test results, the Court necessarily would deny Ventana's motion with respect to literal infringement. Ventana's motion with respect to literal infringement is based *solely* upon BioGenex's previously disclosed position that Liquid Coverslip is a n-paraffinic hydrocarbon. That motion cannot succeed in the face of admissible, competent evidence that Liquid Coverslip actually contains isoparaffinic hydrocarbons as well.[2]

The Court is quite troubled by BioGenex's shift in infringement position. Pursuant to Patent Local Rule 3-7, a plaintiff may amend its PICs only by order of the Court upon a showing of good cause. The purpose of requiring parties to disclose their theories early in the litigation and adhere to those theories once they have been disclosed is to avoid the "shifting sands" approach that sometimes was observed in patent litigation prior to adoption of the Patent Local Rules. *Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004); *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). BioGenex argues that it has not shifted its infringement position, pointing out that its PICs identified Liquid Coverslip as the product that meets the paraffin-solubilizing organic solvent limitation of claim 1, and that it still contends that Liquid Coverslip is the product that meets this limitation. BioGenex's argument completely ignores the fact that its PICs specified that Liquid Coverslip is a *n-paraffinic hydrocarbon*. While BioGenex may not have been required to include that level of specificity in its PICs, it chose to do so, and Ventana reasonably relied upon that disclosure.

---

[2] BioGenex takes the position that the trace amounts of isoparaffinic hydrocarbons found in Liquid Coverslip are sufficient as a matter of law to meet the paraffin-solubilizing organic solvent limitation of claim 1, citing *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331 (Fed. Cir. 2005). This issue is not fairly framed by Ventana's motion and thus need not be decided by the Court at this time.

5

Case No. C 05-860 JF (PVT)
ORDER CONDITIONALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

The Court also is troubled by BioGenex's failure to produce information and documentation regarding the November 1 testing in response to Ventana's requests for admissions, interrogatories and document requests served November 9, 2005. BioGenex argues that its failure to respond to Ventana's November 9 discovery requests was appropriate in light of the discovery stay imposed by the Court's order of November 17, 2005. That order states in relevant part as follows:

> Discovery in this matter relating to the '598 patent shall be stayed, pending resolution of the foregoing motion, except as may be directly relevant to the foregoing motion.

On its face, this language does not excuse BioGenex from responding to Ventana's discovery requests to the extent those requests sought information or documents relevant to the instant motion. BioGenex argues that the order was intended to allow only *BioGenex* to complete discovery relevant to the instant motion, and that it was not intended to allow *Ventana* to pursue such discovery. BioGenex has submitted the declaration of its counsel, Paul Gale, who states that he had a telephonic conversation with Ventana's counsel, Roger Chin, in which Mr. Chin agreed with BioGenex's interpretation of the Court's November 17 order. Mr. Chin asserts that no such agreement was reached.[3]

While it ultimately concludes that BioGenex acted unreasonably with respect to both its shift in infringement position and its failure to respond to relevant discovery requests, the Court is extremely reluctant to dispose of substantive infringement claims based upon procedural defects, particularly given that BioGenex has offered at least articulable reasons for its conduct and that there is no evidence of bad faith. Accordingly, the Court will permit BioGenex to argue literal infringement based upon the new testing indicating the presence of isoparaffinic hydrocarbons in Liquid Coverslip on the condition that BioGenex reimburse Ventana for the

---

[3] Mr. Chin makes this assertion not in a declaration, but rather in Ventana's opposition to BioGenex's motion for leave to file a sur-reply declaration. Technically, assertions made in briefs are not evidence. However, the Court has no doubt that Mr. Chin would restate his position in a declaration under penalty of perjury if asked to do so. The Court therefore accepts that the position of Mr. Chin and of Ventana is that there was no agreement excusing BioGenex from producing information and documents relevant to the instant motion in response to Ventana's November 9 discovery requests.

costs and attorneys' fees Ventana has incurred in litigating the instant motion, which would not have been brought or litigated in this fashion but for BioGenex's unreasonable conduct. Ventana shall file a declaration of counsel setting forth the costs and attorneys' fees incurred in filing and litigating its motion.

**B.     Doctrine Of Equivalents**

Because Ventana's motion for summary judgment will be denied as to literal infringement for the reasons discussed above, the Court need not reach the issue of infringement under the doctrine of equivalents.

### IV. ORDER

(1)    Ventana's motion for summary judgment of noninfringement of the '598 patent is CONDITIONALLY DENIED as set forth above;

(2)    Ventana shall, within fourteen (14) days after service of this order, file a declaration of counsel setting forth the costs and attorneys' fees incurred in filing and litigating the instant motion;

(3)    BioGenex shall file any objection to Ventana's statement of costs and fees within fourteen (14) days after service of counsel's declaration or, absent objection, shall reimburse Ventana for said costs and fees within fourteen (14) days after service of counsel's declaration; and

(4)    The parties shall appear at a Case Management Conference at 10:30 a.m. on August 11, 2006.

DATED: 8/3/06

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

3  Roger J. Chin     rchin@wsgr.com, jfrodriguez@wsgr.com; calendar@wsgr.com

4  Paul Lawrence Gale     pgale@sycr.com, bnelson@sycr.com

5  Kevin W. Kirsch     kkirsch@sycr.com

6  Jan Patrick Weir     jweir@sycr.com, tkuester@sycr.com; pgale@sycr.com; bnelson@sycr.com

7  Sarah R. Zimmerman     szimmerman@wsgr.com,